IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ATLANTIC VENEER CORPORATION,**

      **Plaintiff,**

  vs.                                **Civil Action 2:04-CV-970**
                                        **Judge Sargus**
                                        **Magistrate Judge King**

**TERRY A. ROBBINS,** *et al.,*

      **Defendants.**

## OPINION AND ORDER

      Plaintiff asserts claims of fraud and conspiracy in connection with the alleged efforts of defendant Terry A. Robbins to avoid payment of a judgment against him in favor of plaintiff.  Plaintiff also asserts claims of aiding and abetting, against the remaining defendants, Natalie K. Robbins and NKR, Inc., as well as claims of imputed income and fraudulent transfer.  This matter is before the Court on plaintiff's motion to compel the depositions of William T. Robbins and Natalie N. Robbins, the minor children of defendants Terry A. Robbins and Natalie K. Robbins.  Doc. No. 44.

      The complaint alleges, *inter alia,* that salaries paid to the Robbins children ($26,000.00 per child per year) are in actuality compensation to defendant Terry A. Robbins. *Complaint,* at ¶15.  Plaintiff wishes to depose the children to inquire about "the work they allegedly perform for NKR, the salaries and benefits that they receive, and their knowledge about NKR and their parents' participation in the business." *Motion to Compel,* at p.3, Doc. No. 44.

      Defendants Natalie K. Robbins and NKR, Inc., oppose the motion, Doc. No. 49 [hereinafter *"Memorandum in Opposition"*], arguing that the children's ages, 16 and 14 respectively, warrant special protection, particularly because the information sought by plaintiff has

already been provided to it.  Instead, these defendants offer sworn, written answers by the children to written questions.

This Court agrees that the information provided by other witnesses regarding the children's relationship with NKR is not sufficient to allow plaintiff to fully explore its allegations and claims. Moreover, "there is no precise age which determines the question of competency" for purposes of deposition. *Santos v. Bob's Discount Furniture,* __ F.Supp.2d __, 2005 WL 563120 (D. Mass. 2005)[permitting deposition of 10 year old child].  Defendants offer no basis for concluding that the Robbins' children, currently 16 and 14 years of age, should be insulated from otherwise proper litigation tools.  The court will therefore permit the requested depositions.

In proper recognition of the stress attendant to depositions, plaintiff has, at the direction of the Court, proposed limits on the depositions of the Robbins children.  Defendants appear to agree with these proposed safeguards, *Memorandum in Opposition,* at 5, and ask, further, that no inquiry into the underlying judgment, or the events giving rise to that judgment, be permitted.  In the absence of any apparent relevance of such topics to the claims and defenses asserted in this case, this Court agrees that the scope of the depositions shall be limited accordingly.

**WHEREUPON** plaintiff's motion to compel the depositions of William T. Robbins and Natalie N. Robbins, Doc. No. 44, is **GRANTED**, upon terms consistent with the foregoing.

July 6, 2005                         *s/Norah McCann King*
                                     Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge